United States District Court

Eastern District of California

Christopher James,

     Petitioner,                    No. Civ. S 04-1574 FCD PAN P

  vs.                                 Order

J. Solis, Warden,

     Respondent.

-oOo-

    Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus. See 28 U.S.C. § 2254. Respondents move to dismiss upon the ground the petition contains unexhausted claims. Petitioner concedes the petition is mixed but moves to file an amended petition and to stay these proceedings while he exhausts available state remedies.

    Petitioner was convicted February 3, 2001. The appellate court affirmed.

    Petitioner filed a petition for review in the California

Supreme Court claiming the trial court violated petitioner's right to a jury trial by increasing petitioner's sentence based upon a finding petitioner personally used a firearm without submitting the allegation to the jury and the trial court's restrictions on petitioner's cross-examination of a prosecution witness violated petitioner's right of confrontation.  The court denied the petition.

Petitioner sought habeas corpus relief in the California Supreme Court upon the grounds: (1) the prosecutor vouched for witnesses in closing argument in violation of the Due Process Clause of the Fourteenth Amendment; (2) trial counsel was ineffective by failing to object to the prosecutor's comments in closing argument in violation of the Sixth Amendment.  The court denied relief.

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts.  Picard v. Connor, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); see also Duncan v. Henry, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the

prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (petitioner must seek discretionary review from state court of last resort); Roberts v. Arave, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). A mixed petition, viz., one containing exhausted and unexhausted claims, must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

In his federal petition, petitioner makes the following claims: (1) the trial court violated petitioner's right to a jury trial by increasing his sentence based upon a finding petitioner personally used a firearm even though the allegation was not submitted to the jury; (2) the trial court's restriction of petitioner's cross-examination of a prosecution witness violated petitioner's right of confrontation; (3) during deliberations, the trial court permitted the prosecution to enter into evidence the taped statement and transcript thereof of a prosecution witness so the jury could consider it in deliberations; (4) the prosecutor's comments during closing argument violated the Due Process Clause of the Fourteenth Amendment; and, (5) trial counsel was ineffective for failing to object to the prosecutor's improper comments in violation of the Sixth Amendment.

The parties agree petitioner failed to present his third

1  claim to the California Supreme Court.  The petition contains
2  both exhausted and unexhausted claims.
3      Before the court can determine whether to grant petitioner's
4  request to stay this action while petitioner exhausts his third
5  claim, the court must determine whether petitioner had good cause
6  for his failure to exhaust, whether the unexhausted claim is
7  potentially meritorious and whether petitioner engaged in
8  intentionally dilatory litigation tactics.  <u>Rhines v. Weber</u>, 125
9  S.Ct. 1528 (2005).
10     Accordingly, within 30 days from the date this order is
11 signed, petitioner shall file and serve an explanation of why
12 this court should stay this action while he exhausts his third
13 claim.  Respondent has ten days to file and serve an opposition
14 or notice of non-opposition.  Petitioner's failure to comply
15 with this order will result in the court permitting petitioner to
16 delete the unexhausted claim and to proceed on the other claims.
17     So ordered.
18     Dated:  June 2, 2005.

                               <u>/s/ Peter A. Nowinski</u>
                               PETER A. NOWINSKI
                               Magistrate Judge