United States District Court

Eastern District of California

Christopher James,

      Petitioner,                     No. Civ. S 04-1574 FCD PAN P

  vs.                                Findings and Recommendations

J. Solis, Warden,

      Respondent.

-oOo-

June 3, 2005, the court found petitioner failed to exhaust one claim presented in his petition for a writ of habeas corpus and directed petitioner to explain in writing why this action should be stayed.  See Rhines v. Weber, 125 S.Ct. 1528 (2005). Petitioner has responded.  Respondent states he has no opposition to petitioner's concession the court should delete the unexhausted claim and proceed on the others.

February 3, 2001, petitioner was convicted of attempted robbery and assault with a firearm and was sentenced to 13 years

1  in prison.  Cal. Pen. Code §§ 211, 245, 664, 667 12022.5.
2  Petitioner appealed but was denied relief.  Petitioner filed a
3  petition for review in the California Supreme Court.  October 16,
4  2002, the court denied review.
5      Petitioner filed a petition for a writ of habeas corpus in
6  the trial court.  May 23, 2003, the court denied relief.
7      Petitioner sought rehearing in the trial court.  July 15,
8  2003, the court denied the request.
9      Petitioner filed a petition for a writ of habeas corpus in
10 the appellate court.  August 7, 2003, the court denied the
11 petition.
12     September 11, 2003, petitioner filed a petition for a writ
13 of habeas corpus in the California Supreme Court.  The court
14 denied relief.
15     Petitioner requests the court to "stay the action of the
16 Writ of Habeas Corpus, and to delete the [sic] unexhausted claim
17 and to proceed on with the other claims."
18     To the extent petitioner seeks to abey this proceeding while
19 he exhausts new claims, this court must determine whether
20 petitioner had good cause for his failure to exhaust, whether
21 petitioner engaged in intentionally dilatory litigation tactics
22 and whether the unexhausted claim clearly is meritless.  <u>Rhines</u>
23 <u>v. Weber</u>, 125 S.Ct. 1528 (2005).
24     Petitioner asserts he did not realize he failed to exhaust
25 claim three until after he commenced this action and he has not
26 intentionally withheld claim three from the state courts in order

1 to delay federal litigation.

2     In claim three, petitioner alleges his rights were violated
3 when, during deliberations and over counsel's objection, the
4 trial court admitted into evidence and gave to the jury a taped
5 statement and transcript of a prosecution witness confessing to
6 the crimes for which defendant was convicted.  The record
7 discloses neither the full circumstances of the trial court's
8 actions nor the entire substance of the witness's statement.
9 Petitioner fails to explain why he overlooked such a claim for
10 four years.  In addition, while if literally true the claim would
11 implicate the right of confrontation under the Sixth Amendment,
12 see <u>Crawford v. Washington</u>, 541 U.S. 36 (2004); <u>Lilly v.</u>
13 <u>Virginia</u>, 527 U.S. 116 (1999), petitioner has not alleged facts
14 sufficient to show this to be the case and has not demonstrated
15 how he was prejudiced by evidence of another's confession.

16     I find petitioner has failed to make the showing required by
17 <u>Rhines</u>.

18     For these reasons, respondent's October 15, 2004, motion to
19 dismiss should be granted and petitioner's November 3, 2004,
20 motion to stay this action while he returns to state court with
21 his unexhausted claim should be denied and his November 3, 2004,
22 motion to delete his third claim should be granted so this action
23 proceeds on only the exhausted claims.

24     Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
25 findings and recommendations are submitted to the United States
26 District Judge assigned to this case.  Written objections may be

1  filed within 20 days of service of these findings and
2  recommendations.  The document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations."  The district
4  judge may accept, reject, or modify these findings and
5  recommendations in whole or in part.
6      So ordered.
7      Dated:  August 30, 2005.

>       /s/ Peter A. Nowinski
>       PETER A. NOWINSKI
>       Magistrate Judge